UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEMOS P. DEMOPOULOS *and* RALPH BLASI,
*as Union Trustees and Fiduciaries of the Local 854 Pension Fund,*

                        Plaintiffs,

                       -against-

KENNETH BARRETT, WILLIAM CASSESE,
*and* JOHN A. CURCIO, *as Employer Trustees
and Fiduciaries of the Local 854 Pension Fund*,

                       Defendants.
------------------------------------------------------------------X

**ORDER**

**24-cv-145 (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

    Before this Court is Defendants' Kenneth Barrett, William Cassese, and John A. Curcio (the "Employer Trustees" or "Defendants") motion to dismiss Plaintiffs' Demos P. Demopoulos and Ralph Blasi (the "Union Trustees" or "Plaintiffs") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 7. For the reasons stated below, Defendants' motion to dismiss at Dkt. No. 7 is DENIED.

**BACKGROUND**

    Plaintiffs Demos P. Demopoulos and Ralph Blasi, as Union Trustees of the Local 854 Pension Fund (the "Pension Fund"), commenced this action on January 8, 2024, invoking Section 502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3) seeking to compel arbitration of an alleged dispute between the Plaintiff Union Trustees and the Defendant Employer Trustees in accordance with the Pension Fund's Trust Agreement (the "Trust Agreement"). Dkt. No. 1 ("Complaint" or "Compl."). The alleged dispute concerns benefit fund

contributions made by a specific employer, Cousins Metal Industries, Inc. ("Cousins Metal"). Compl. at ¶ 2.

The Pension Fund was established pursuant to the terms of collective bargaining agreements between Local 854, I.B.T. ("Local 854"), a union that merged with Local 553, I.B.T. (collectively, the "Union") and various employers that are required to make contributions to the Pension Fund on behalf of employees covered by collective bargaining agreements. Id. at ¶ 7. Specifically, relevant to the instant action, the Pension Fund is a third-party beneficiary of certain collective bargaining agreements between the Union and Cousins Metal. Id.

Pursuant to the Trust Agreement and ERISA, the Pension Fund is administered by a board of trustees (the "Board of Trustees"), which includes both Employer Trustees and Union Trustees. Compl. at ¶ 11. With respect to voting, Article IV, Section 4 of the Trust Agreement states: "… all matters shall be determined by a majority vote of all of the Trustees voting in person or by proxy at a meeting at which there is a quorum present; provided however, such a majority must result from an equal number of Employer and Union Trustees voting." Compl. at 21.

On June 28, 2022, the Union notified Cousins Metal that it was disclaiming its interest as the collective bargaining representative of Cousins Metal employees. Id. at ¶ 23. Following the Union's disclaimer of interest, on April 18, 2023, the Pension Fund attempted to refund contributions that Cousins Metal made after the date of the Union's disclaimer. Id. at ¶ 28. On June 13, 2023, Cousins Metal sent a letter demanding that the Pension Fund continue to accept its pension contributions. Id. at ¶ 29.

2

On August 10, 2023, during a Board of Trustees meeting, Plaintiff Demopoulos made a motion to authorize the Pension Fund "to continue to refuse to accept Cousin Metal's contributions for the period following the Union's disclaimer" of interest. Id. at ¶ 32. Plaintiffs Demopoulos and Blasi voted in favor of the motion and Defendants Barrett and Curcio voted against the motion. Id.

Subsequently, on August 30, 2023, during another Board of Trustees meeting, Plaintiff Demopoulos made another motion to authorize the Pension Fund's refusal to accept Cousin Metal's contributions. Id. at ¶ 40. Plaintiffs Demopoulos and Blasi again voted in favor of the motion and, during this vote, Defendants Barrett and Curcio abstained. Id.

Following the August 30th Board of Trustees meeting, counsel for the Plaintiff Union Trustees emailed the Employer Trustees a notice of intent to arbitrate the question of "[w]hether the Pension Fund should continue to refuse to accept any Cousins [Metal] contributions for all periods after the disclaimer by [the Union] on June 28, 2022." Id. at ¶ 41. The next day, on August 31, 2023, Plaintiff Union Trustees filed a trustee deadlock request for arbitration form with the American Arbitration Association. Id. at ¶ 46. The Defendant Employer Trustees refused to authorize the payment of the required initial filing fee for arbitration and stated that they did not agree there was a dispute between the Parties requiring arbitration. Id. at ¶¶ 50, 53.

With respect to arbitration, Article XII of the Trust Agreement (the "Deadlock Provision") states:

> "If the Board of Trustees is unable to agree upon or to settle any of the matters that arise during the administration of this Fund, then upon written notice by the Union Trustees or Employer Trustees, as the case may be, of the intent to

3

arbitrate, the Board of Trustees shall promptly agree upon an impartial arbitrator to decide the matters in dispute. If the Board of Trustees, within fifteen (15) days after the matter in dispute has arisen, is unable to agree upon the selection of an impartial arbitrator, then either the Union Trustees or Employer Trustees may petition the American Arbitration Association for a list of impartial arbitrators. The arbitrator shall promptly hear and render a final decision upon the matter in dispute ...."

The Deadlock Provision of the Trust Agreement further states: "All costs of the arbitration shall be paid out of the Trust." Compl. at 33.

The Complaint alleges the Trust Agreement's Deadlock Provision requires that the Parties' "disagreement over refusing Cousin Metal's contributions be submitted to arbitration with the [Pension] Fund paying the arbitration costs." Compl. at 10. The Complaint requests that the Court issue an order directing the Defendant Employer Trustees to (i) submit to arbitration on the question regarding the contributions of Cousins Metal and (ii) authorize the payment of the initial filing fee and all subsequent costs of arbitration. Id. at 12.

Defendant Employer Trustees filed the instant motion to dismiss on January 30, 2024, alleging that there is no genuine dispute between the trustees necessitating arbitration. Dkt. No. 7. On February 9, 2024, Plaintiff Union Trustees filed an opposition to the motion alleging that the Trust Agreement requires that this dispute be submitted to arbitration. Dkt. No. 10. Subsequently on March 15, 2024, Defendant Employer Trustees filed a reply memorandum. Dkt. No. 15. This Court heard oral argument on the motion on April 10, 2024. Dkt. No. 16.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), Plaintiffs' Complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Garner v. Behrman Bros. IV, LLC, No. 16 Civ. 6968 (PAE) 260 F. Supp. 3d 369, 375 (S.D.N.Y. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)). A complaint may be properly dismissed, where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 558). Although the Court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor, Steginsky v. Xcelera Inc., 741 F.3d 365, 368 (2d Cir. 2014), that tenet is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

## DISCUSSION

Defendant Employer Trustees moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff Union Trustees has failed to establish that the Trust Agreement's Deadlock Provision has been triggered, precluding arbitration. Dkt. No. 7-1 at 10. Specifically, Defendant Employer Trustees alleges that (i) statutory duties imposed on the Board of Trustees as fiduciaries under ERISA allows for recusals and abstentions so the August 30th vote was proper, and (ii) the Board of Trustees' previous interpretation of what constitutes a "majority" for the purposes of Article IV, Section 4 of the Trust Agreement should be given deference. Dkt. No. 7-1 at 12–15. Plaintiff Union Trustees maintains that the Board of Trustees is unable to agree upon the interpretation of Article IV, Section 4 of the Trust Agreement with respect to the August 30th vote, necessitating arbitration pursuant to the Trust Agreement's Deadlock Provision. Dkt. No. 10 at 16.

In this Court's view, there is a clear dispute ripe for arbitration and Defendant Employer Trustees have not carried its burden to establish that dismissal of the Complaint would be proper.  "[F]ederal policy in favor of arbitration requires that 'any doubts concerning the scope of arbitrable issues' be resolved in favor of arbitration." Shaw Grp. Inc. v. Triplefine Int'l Corp., 322 F.3d 115, 120 (2d Cir. 2003) (quoting another source).  Here, Plaintiff Union Trustees read Article IV, Section 4 of the Trust Agreement to mean that an equal number of Union Trustees and Employer Trustees must cast votes for a motion to pass.  Dkt. No. 10 at 15.  Plaintiff Union Trustees alleges that because Defendant Employer Trustees "refuse[d]" to vote on August 30th, the question of whether the Pension Fund should continue rejecting Cousins Metal's contributions remains unresolved; thus, necessitating the need for arbitration. Id.  Conversely, Defendant Employer Trustees contends that the August 30th motion properly passed and the vote was in line with prior action taken by the Board of Trustees.  Dkt. No. 7-1 at 6-7.  This illustrates a clear dispute about whether the August 30th motion properly passed.

Defendant Employer Trustees' primary argument is that there is no dispute among the trustees over the Cousins Metal contributions because both the Employer Trustees and Union Trustees agree that they should be returned.  See Dkt. No. 17 ("Transcript") at 6.  This Court is not persuaded by this argument.

In Demopoulos v. Curcio, cited by Defendant Employer Trustees, the court analyzed the Pension Fund's arbitration clause in a context where members of the Board of Trustees disagreed about whether the Pension Fund's counsel was properly removed.  Demopoulos v. Curcio, No. 2 20-CV-01208(PK), 2021 WL 799330, at *8 (E.D.N.Y. Jan. 10, 2021), report and recommendation adopted, No. 20-CV-1208

6

(RRM), 2021 WL 796064 (E.D.N.Y. Mar. 2, 2021). In that case, the Defendant Employer Trustees contended that there was a valid vote by the Board of Trustees while the Plaintiff Union Trustees disagreed and stated that there was no valid vote. Id. The court stated that "[w]hether there was a valid vote—or any vote at all—is a matter that the Board "is unable to agree upon or to settle." Id. While Demopoulos v. Curcio is not perfectly analogous to the instant action where the Parties agree on the probable outcome, it states clearly that the validity of a vote by the Board of Trustees falls squarely within the arbitration clause.

The question posed in the instant notice of intention to arbitrate was "Whether the Pension Fund should continue to refuse to accept any Cousins contributions for all periods after the disclaimer by Local 553 on June 28, 2022." Compl. ¶ 41. If the question had instead included: Whether the Pension Fund should, ***based on the results of the August 30, 2023 vote***, continue to refuse to accept any Cousins contributions for all periods after the disclaimer by Local 553 on June 28, 2022, the question would be essentially analogous to the issue presented in Demopoulos v. Curcio, 2021 WL 799330, at *8. In this Court's view, it is clear that the Deadlock Provision has been triggered and there is a genuine dispute at issue.

## CONCLUSION

For the foregoing reasons, the motion to dismiss at Dkt. No. 7 is DENIED. Plaintiffs' opposition asked that this Court convert the instant motion into a motion for summary judgment. Dkt. No. 10 at 24. This Court is inclined to do so. However, as Defendants did not respond to this request in their reply papers, the Parties are directed to meet and confer regarding next steps in this action and file a joint letter by September 24, 2024. If Defendants wish to be heard in opposition to the request

to treat the motion to dismiss as a motion for summary judgment, such joint letter should include a proposed briefing schedule.

    SO ORDERED.

DATED:   New York, New York
            September 10, 2024

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge